2 U.S. 294 (____)
2 Dall. 294
COLLET
versus
COLLET.
Supreme Court of United States.

Present  WILSON, BLAIR and PETERS, Justices.
*296 BY THE COURT:  The question, now agitated, depends upon another question; whether the State of Pennsylvania, since the 26th of March 1790 (when the act of Congress was passed) has a right to naturalize an alien? And this must receive its answer from the solution of a third question; whether, according to the constitution of the United States, the authority to naturalize is exclusive, or concurrent? We are of opinion, then, that the States, individually, still enjoy a concurrent authority upon this subject; but that their individual authority cannot be exercised, so as to contravene the rule established by the authority of the Union. The objection founded on the word uniform, and the arguments ab inconvenienti, have been carried too far. It is, likewise, declared by the Constitution (art. I. s. 8.) that all duties, imports and excises shall be uniform throughout the United States; and yet, if express words of exclusion had not been inserted, as in a subsequent part of the same article (s. 10.) the individual States would still, undoubtedly, have been at liberty, without the consent of Congress, to lay and collect duties and imposts. Again;  when, it is said, that one State ought not to be privileged to admit obnoxious citizens, to the injury of another, it should be recollected, that the State which communicates the infection, must herself be first infected; and in this, as in all other cases, we may be assured, that the principle of self-preservation will inculcate every reasonable precaution.
The true reason for investing Congress with the power of naturalization has been assigned at the Bar:  It was to guard against too narrow, instead of too liberal, a mode of conferring the rights of citizenship. Thus, the individual States cannot exclude those citizens, who have been adopted by the United States; but they can adopt citizens upon easier terms, than those which Congress may deem it expedient to impose.
But the act of Congress itself, furnishes a strong proof that the power of naturalization is concurrent. In the concluding proviso, it is declared, "that no person heretofore proscribed by any State, shall be admitted a citizen as aforesaid, except by an act of the Legislature of the State, in which such person was proscribed." Here, we find, that Congress has not only circumscribed the exercise of its own authority, but has recognized the authority of a State Legislature, in one case, to admit a citizen of the United States; which could not be done in any case, if the power of naturalization, either by its own nature, or by the manner of its being vested in the Federal Government, was an exclusive power.
Upon the whole, the Court think that the plea to the jurisdiction has been maintained; and, therefore,
The Bill must be dismissed.[*]
NOTES
[*] It is remarkable that the argument om this case, turned entirely upon the point, whether the Federal power of naturalization was exclusive, or concurrent; and nothing was said by either side respecting the existence and operation of the act of Pennsylvania, which, as it depended in form and spirit on the old Constitution was virtually repealed, when that Constitution was abolished. The ideas of the reporter on that subject, are contained in a note upon the naturalization laws of Pennsylvania, in his edition of the acts of the General Assembly, (1 Vol. p 7. a) It may be proper to add, that there has since been a decision before Judge BIDDLE, in the Common Pleas of Philadelphia County, where the existence of the Pennsylvania law was the gift of the controversy: And in that case, as well as the case of the United States v. Vilatto (post.) the act of Assembly was adjudged to be obsolete.