**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BART DANIEL MILLIRONS,
Plaintiff-Appellant,

v.

No. 95-7724

FRANK DREW, Sheriff; D. D. NOHA;
J. P. MCINTIRE; J. OCHS; NURSE
LEBO,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-94-1212-AM)

Submitted: February 27, 1996

Decided: April 5, 1996

Before NIEMEYER and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Bart Daniel Millirons, Appellant Pro Se. Charles Everett Malone,
CLARK & STANT, P.C., Virginia Beach, Virginia; Lisa Ehrich,
ADLER, ROSEN & PETERS, P.C., Virginia Beach, Virginia, for
Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bart D. Millirons appeals from a district court order granting summary judgment in favor of Defendants. We affirm in part, vacate in part, and remand.

With respect to all of Millirons's claims other than that alleging an unconstitutional condition of confinement, we affirm on the reasoning of the district court. Millirons v. Drew, No. CA-94-1212-AM (E.D. Va. Sept. 27, 1995). We note that, with regard to all claims except the one against Nurse Lebo, on which summary judgment was appropriate, dismissal was the more appropriate summary disposition mechanism because the motion to dismiss was unaccompanied by objective evidence and the district court ultimately relied on the failure of Millirons to state claims. See Fed. R. Civ. P. 12, 56; Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). We modify the district court order to that extent.

With regard to the conditions-of-confinement claim, we vacate the district court order. Millirons contended in the complaint that he was forced to reside in a cell contaminated with filth and human excrement for nine days. He alleged that he made over a dozen requests for cleaning supplies and pleaded with officials for relief to no avail. (R. 12). He further alleged that Defendants knew the cell was contaminated with feces.

"[E]volving precepts of humanity and personal dignity animate the Eighth Amendment . . . ." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995). However, "the constitutional prohibition against the infliction of cruel and unusual punishment `does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'" Id. (quoting Wilson v. Seiter, 501

2

U.S. 294, 298 (1991)). "In the context of a conditions-of-confinement claim, to demonstrate that a deprivation is extreme enough to satisfy the objective component of an Eighth Amendment claim, a prisoner must `produce evidence of a serious or significant . . . injury' . . . or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions . . . ." Id. "The subjective component of an Eighth Amendment claim challenging . . . the conditions of confinement . . . is satisfied by a showing of deliberate indifference by prison officials." Id.

We find that the current complaint stated a claim for relief, whether or not it ultimately may succeed on the merits. Therefore, we vacate the portion of the district court order dismissing the claim and remand for further proceedings not inconsistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED